116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward WILEY, Defendant-Appellant.
 No. 96-10307.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1997.**
Decided June 12, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, No. CR-95-00632-01-HG; Helen Gillmor, District Judge, Presiding.
 Before: D.W. NELSON, BOOCHEVER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Wiley appeals the sentence imposed following his guilty-plea conviction for conspiracy to cultivate and distribute marijuana in violation of 21 U.S.C. § 846. We have jurisdiction under 21 U.S.C. § 1291, and we affirm.
 
 
 3
 First, Wiley challenges the district court's factual finding that officers removed "at least" 700 marijuana plants from the cultivation site on July 13, 1993. We must accept the district court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed. Sawyer v. Whitley, 505 U.S. 333, 346 n. 14 (1992). After hearing the testimony from the officers concerning the plant removal operation, the district court found that the officers' testimony was credible. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." United States v. Matta-Ballesteros, 71 F.3d 754, 766 (9th Cir.1995), cert. denied, 117 S.Ct. 965 (1997) (citation omitted). In light of the district court's credibility determination, we conclude that the district court did not clearly err by calculating Wiley's offense level based on 810 marijuana plants.
 
 
 4
 Wiley next argues that there was insufficient foundation for the officers' testimony about the number of plants that they recovered because they may have counted rootless cuttings as plants. Because Wiley did not raise this issue before the district court, we review only for plain error. "Under [the plain error] test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " Johnson v. United States, 1997 WL 235156, * 5 (U.S. May 12, 1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted). There is not a scintilla of evidence in the record to support Wiley's contention that the officers improperly counted the marijuana plants. Thus, Wiley's argument fails under the first and second prongs of the Olano plain error test: there was no "plain error."
 
 
 5
 Wiley also argues that the district court erred by not considering the amount of marijuana Wiley cultivated for his personal use. Once again, Wiley did not raise this issue before the district court. Given Wiley's admission in his guilty plea that he conspired to cultivate and distribute marijuana, we conclude that the district court did not plainly err by not considering the amount of marijuana Wiley allegedly cultivated for his personal use.
 
 
 6
 Lastly, Wiley contends that the district court erred by not adjusting his offense level because of his minor role in the conspiracy. The facts belie Wiley's contention: by his own account, he participated in the conspiracy for five years, assisting his coconspirators with the marijuana cultivation between 10 to 20 times, and was fronted $1,000 quantities of marijuana every 2 to 3 weeks. Thus, Wiley is not entitled to a minor role adjustment and the district court did not err by not awarding him one.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3